1

2

3

4

5                 UNITED STATES DISTRICT COURT

6                 EASTERN DISTRICT OF WASHINGTON

7    MELISSA L. DREHER,

                                          NO. 2:24-CV-0139-TOR
8                        Plaintiff,

                                          ORDER DENYING MOTION TO
9         v.                              DISMISS OR TRANSFER CASE &
                                          DENYING MOTION TO STRIKE
10   ALLSTATE FIRE & CASUALTY
     INSURANCE COMPANY, an
11   Illinois corporation, and DOES I-V,

12                       Defendants.

13        BEFORE THE COURT is Defendant Allstate's Motion to Dismiss or

14   Transfer Case (ECF No. 10) and Plaintiff's Motion to Strike Defendant's Reply

15   (ECF No. 21).  The Court finds these matters suitable for disposition without oral

16   argument.  LCivR 7(i)(3)(B)(iii).  The Court has reviewed the record and files

17   herein and is fully informed.  For the reasons discussed below, Defendant's Motion

18   to Dismiss or Transfer Case (ECF No. 10) is **DENIED** and Plaintiff's Motion to

19   Strike (ECF No. 21) is **DENIED**.

20   //

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 1

**BACKGROUND**

This case arises out of a motor vehicle collision which occurred in Spokane County, Washington, on July 5, 2021. ECF No. 1-2 at 4, ¶ 3.1. Because the issues presented arrive in the posture of a motion to dismiss by Defendant Allstate, the Court accepts the factual allegations of the complaint as true and construes them in the light most favorable to Plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886 (9th Cir. 2018) (quoting *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017)).[1]

Plaintiff was driving southbound on State Route 27 in Spokane County when another driver collided into her. ECF No. 1-2 at 4, ¶ 3.1. Plaintiff, who was not responsible for the accident, maintains she sustained multiple injuries and damages. *Id.* at 4, ¶ 3.2.

Both Plaintiff and the at-fault driver were insured by Defendant Allstate. *Id.* at 3, ¶ 2.2; 4, ¶ 3.4. At the time of the accident, the at-fault driver was

---

[1] Plaintiff argues that Defendant's motion must be construed as a motion for summary judgment rather than a motion to dismiss. ECF No. 15 at 2. Regardless, the Court must view the facts and draw all reasonable inferences in Plaintiff's favor. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (*per curiam*)).

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE & DENYING MOTION TO STRIKE ~ 2

underinsured.  *Id.* at 4, ¶ 3.3.  Plaintiff paid insurance premiums for underinsured

motorist (UIM) coverage from Defendant.  *Id.* at 4, ¶ 3.4.  Plaintiff sought her full

UIM policy limits—$250,000—and tendered to Defendant a demand letter, her

medical records, and other documentation supportive of her claims.  *Id.* at 5, ¶¶

3.5-3.6.  When Defendant declined to provide Plaintiff her UIM policy limits,

Plaintiff filed a complaint in Spokane County Superior Court alleging breach of

contract, violations of the Washington Administrative Code (WAC) and Revised

Code of Washington (RCW) for claims mishandling and unreasonable denial of

benefits, violations of the Washington Consumer Protection Act (CPA), bad faith,

and violations of the Insurance Fair Conduct Act (IFCA).  *Id.* at 5-10.  Plaintiff

seeks her UIM policy limits, treble damages, and attorneys' fees and costs.  *Id.* at

10-11.

Defendant timely removed the action to this Court on April 30, 2024,

alleging that complete diversity exists between the parties.  ECF No. 1 at 3.

Defendant is an Illinois corporation licensed to conduct insurance business in

Washington and Idaho.  *Id.* at 3, ¶ 4.  Plaintiff currently resides in Montana.  ECF

No. 1-2 at 2, ¶ 1.1.  At the time of the collision, Plaintiff was living in Elk,

Washington, although she continued to retain a residence in Worley, Idaho.  *Id.*

Defendant now moves to dismiss or transfer the case, arguing that the forum

selection clause and choice of law provision in the parties' insurance contract

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 3

1    dictate that all suits must be brought in Idaho and adjudicated under Idaho law.

2    ECF No. 10 at 4.  Plaintiff responds that the action should be decided according to

3    Washington law by a Washington court.  ECF No. 15 at 2.

4    ## DISCUSSION

5         The Court has subject-matter jurisdiction over this action under 28 U.S.C. §

6    1332(a), and venue is proper in the Eastern District of Washington.  Plaintiff's

7    claims are to be resolved by the application of Washington law.

8    ## I.    Jurisdiction

9         Federal courts are courts of limited jurisdiction, possessing only that power

10   authorized by the Constitution and congressional fiat.  *Kokkonen v. Guardian Life*

11   *Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1332(a)(1), the

12   legislature has provided that "[t]he district courts shall have original jurisdiction of

13   all civil actions where the matter in controversy exceeds the sum or value of

14   $75,000, exclusive of interests and costs, and is between . . . citizens of different

15   States."  Although the burden technically rests with the Defendant here to establish

16   federal jurisdiction, district courts have an "independent obligation to determine

17   whether subject-matter jurisdiction exists."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500,

18   514 (2006).

19        Diversity between citizens must be complete, meaning "each of the plaintiffs

20   must be a citizen of a different state than each of the defendants."  *Allstate Ins. Co.*

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 4

1   *v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004); *accord Strawbridge v. Curtiss*, 3

2   Cranch 267, 267 (1806).  "The natural person's state citizenship is . . . determined

3   by her state of domicile," meaning "her permanent home, where she resides with

4   the intention to remain or to which she intends to return."  *Kanter v. Warner-*

5   *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A corporation, by contrast, is a

6   citizen of any State in which it is incorporated and of the State where it maintains

7   its principal place of business.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v.*

8   *Friend*, 559 U.S. 77, 80 (2010).  Citizenship is assessed at the time the lawsuit is

9   filed.  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

10  Thus, antecedent or subsequent changes to a party's citizenship status do not affect

11  a court's otherwise proper exercise of jurisdiction.  *Id.*

12          Plaintiff does not dispute that this Court has diversity jurisdiction over this

13  matter.  *See* ECF No. 15.  The Court agrees that the amount in controversy is

14  satisfied, as Plaintiff seeks her policy limits of $250,000, plus treble damages and

15  attorneys' fees.  The Court also agrees that complete diversity exists between the

16  parties.  Plaintiff was living in Montana at the time suit was filed, and Defendant

17  Allstate is incorporated in Illinois.  ECF No. 1-2 at 2-3, ¶ 1.2; *see NewGen, LLC v.*

18  *Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("The place where a person lives

19  is taken to be his domicile until facts adduced establish the contrary.") (quoting

20  *Anderson v. Watts*, 138 U.S. 694, 706 (1891)).

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 5

Importantly, the inclusion of John Doe defendants I-V in the complaint does not alter the Court's finding that diversity is complete.  28 U.S.C. § 1441(b)(1) provides that "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether an action is removable under § 1332(a).  *See also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

Although Plaintiff suggests that the at-fault driver and at least one Allstate adjustor are domiciled in Washington State, she makes no representations about whether they are intended to be John Does in this action.  *See Conerly v. Liberty Mutual Ins. Co.*, No. 2:23-cv-515-GMN-EJY, 2023 WL 4494422, at *3 (D. Nev. June 29, 2023) ("[D]istrict courts have found that identifying facts limited to a job position or a partial name are insufficient to convert a defendant from fictitious to real.").  Accordingly, the Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1).

## II.    Validity of Forum Selection Clause

Defendant argues that the existence of a valid forum selection clause precludes the Court from adjudicating this matter.  ECF No. 10 at 2.  When an action is removed from state court to the federal district court embracing the place

where the action was formerly pending, then venue is automatically proper under

28 U.S.C. § 1441(a).  *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666

(1953); *see also Yageo America Corp v. Tseng*, No. C06-0227RSL, 2006 WL

8454994 (W.D. Wash. Apr. 21, 2006) ("A district court acquires venue through

defendants' voluntary removal to federal court, regardless of whether venue would

have been proper had the case originally been filed in that court.") (citing

*Seaboard Rice Milling Co. v. Chicago, R.I. & P. Ry. Co.*, 270 U.S. 363, 367

(1926)).

　　　Plaintiff originally brought this action in Spokane County Superior Court,

which is embraced by the United States District Court for the Eastern District of

Washington.  Accordingly, venue is proper in this Court under § 1441(a).  Even if

removal had not occurred, however, the Court would still be inclined to find the

forum selection clause inapplicable.  The clause reads:

**Where Lawsuits May Be Brought**

Subject to the following two paragraphs, any and all lawsuits in any
way related to this policy shall be brought, heard, and decided only in
a state or federal court located in Idaho. . .

If a covered loss to property we insure under this policy, a covered
motor vehicle accident, or any other occurrence for which coverage
applies under this policy happens outside Idaho, lawsuits regarding that
covered loss to property, covered motor vehicle accident, or other
covered occurrence *may also be brought in the judicial district where
that covered loss to property, covered motor vehicle accident, or other
covered occurrence happened.*

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 7

ECF No. 11 at 38 (emphasis added).

This provision patently allows for suits to be brought in forums other than Idaho. The relevant language provides that lawsuits shall be brought in Idaho courts "[s]ubject to" certain exceptions. *Id.* Those exceptions include where a "covered motor vehicle accident" "happens outside Idaho," in which case a lawsuit "may also be brought in the judicial district" where that accident occurred. *Id.*; *see also Avista Corp. v. NorthWestern Corp.*, 2:21-CV-163-RMP, 2021 WL 6061795, at *4 (E.D. Wash. Aug. 18, 2021) ("In order for a forum selection clause to be considered mandatory, the language must designate the court as the *exclusive* forum.") (emphasis added). Defendant's alternative reading strains the plain text of this clause. Therefore, venue is proper in the Eastern District of Washington and outright dismissal is unwarranted.

## III.    Propriety of Transfer

Proper venue in the forum where the action is pending does not prevent a party from seeking discretionary transfer under 28 U.S.C. § 1404(a). *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). The purpose of allowing transfer is to "prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). The movant must establish (1) that the transferee court is one in which the action could

have originally been brought and (2) that transfer is appropriate.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  In determining whether transfer is appropriate under the second step, courts flexibly consider the following private interest factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

In addition, courts also consider various public interest factors, to include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law."  *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Texas*, 571 U.S. 49, 62 n.6 (2013) (quotation marks and brackets omitted).  The decision to transfer is ultimately a discretionary one, based upon an "individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE & DENYING MOTION TO STRIKE ~ 9

The Court assumes without deciding that the action originally could have been brought in an Idaho court.  Even so, Defendant has not shown that transfer would be appropriate under the second step of the test.  On balance, the private and public interest factors favor Plaintiff's selection of Washington as a forum.

**A. Private Interest Factors**

The first factor, where "the relevant agreements were negotiated and executed," favors Idaho as a forum.  The parties initially contracted for the policy when Plaintiff was domiciled in Idaho.  Although Plaintiff was living in Washington at the time of the renewal and the subsequent car accident, she does not proffer any evidence showing that she made endeavored to inform Allstate that she had relocated to Washington near or after the time her policy renewed; indeed, the address on Plaintiff's most recent policy still lists her Idaho PO Box.  *See* ECF No. 11 at 6.  The insurance agreement is therefore best characterized as executed in Idaho.

The second factor, "the state which is most familiar with the governing law," favors Washington as a forum.  As covered in Section IV, the Court finds that Washington law applies to the different issues in dispute.  Even if Idaho law did apply, though, this factor would not cut in favor of transfer to an Idaho forum *per se*.  "Federal courts are equally equipped to apply distant state laws when the law is not complex or unsettled," and neither party has shown that the application of

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 10

Washington or Idaho law would require the Court to undertake a particularly novel or complex analysis. *T-Mobile USA, Inc. v. Selective Ins. Co. of America*, No. C15-1739JLR, 2016 WL 1464468 at *4 (W.D. Wash. Apr. 14, 2016).

The third factor looks to the Plaintiff's choice of forum. Under § 1404, "great weight is generally accorded [to the] plaintiff's choice of forum," unless "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Plaintiff's preferred forum is Washington. The accident at issue occurred in Washington, and Plaintiff was living in Washington at the time of the accident and when Defendant initially denied Plaintiff her UIM benefits. Thus, although Washington is not Plaintiff's current home forum, this element weighs heavily in Plaintiff's favor.

The fourth private interest factor, which considers the parties' respective contacts with the forum, is neutral. Plaintiff signed and accepted the original policy in Idaho. At the time of renewal, Defendant believed that Idaho was still Plaintiff's home forum. On the other hand, though, Plaintiff had significant contacts in Washington at the time of the accident, and Defendant, as an Illinois corporation doing business in all 50 states, appears to have no greater ties to Idaho than any other state, including Washington.

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 11

1    The fifth factor evaluates "the contacts relating to the plaintiff's cause of

2    action in the chosen forum." This factor favors allowing litigation to proceed in

3    Washington. Washington is the site of the crash and where Plaintiff's early

4    negotiations with Defendant over its application of the UIM policy to her claims

5    began. Although negotiations with Allstate continued when Plaintiff moved to

6    Montana and Plaintiff filed suit after moving to Montana, this does not render

7    Idaho a more appropriate venue.

8    The sixth factor is also partial to Plaintiff's choice of forum. The parties did

9    not brief the issue of costs; however, the Court expects that the majority of

10    witnesses, including the non-party at-fault driver, reside in this district, and that the

11    bulk of the evidence of Plaintiff's treatment is likewise here, given that Plaintiff

12    resided in Washington for over a year after the accident. ECF No. 17 at 2, ¶ 7.

13    Although Plaintiff and Defendant would incur some travel costs in coming to

14    Washington, there is no evidence that it would be any less costly to travel to Idaho.

15    The seventh factor concerns "the availability of compulsory process to

16    compel attendance of non-party witnesses." Under Rule 45(c)(1), "[a] subpoena

17    may command a person to attend a trial, hearing, or deposition only as follows: (A)

18    within 100 miles of where the person resides, is employed, or regularly transacts

19    business in person; or (B) within the state where the person resides, is employed,

20    or regularly transacts business in person, if the person (i) is a party or a party's

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 12

officer; or (ii) is commanded to attend a trial and would not incur substantial expense."  However, "[a] court's subpoena power is only relevant if non-party witnesses within the state will likely refuse to testify."  *Stanbury Elec. Engineering, LLC v. Energy Prods., Inc.*, No. C16-0362JLR, 2016 WL 3255003 at *7 (W.D. Wash. June 13, 2006) (quoting *Silver Valley Partners, LLC v. De Motte*, No. C05-5590 RBL, 2006 WL 2711764, at *4 (W.D. Wash. Sep. 21, 2006)). Neither side has identified potential witnesses who might refuse to testify.  This factor is therefore neutral.

The final private interest factor, "the ease of access to sources of proof," also weighs against transfer.  As discussed, Plaintiff was injured in Washington. Presumably, most non-party witnesses to the accident and evidence of Plaintiff's subsequent injuries and damages are within the forum.  While further proof of damages may exist within Montana, this does not strengthen Defendant's claim that Idaho provides a superior forum.

Seven of the eight private interest factors are either neutral or favor Washington as a forum.  This does not support that Idaho would provide a more convenient or fair venue.  *Stewart Org.*, 487 U.S. at 30.  Nevertheless, the Court considers the public interest factors.

**B. Public Interest Factors**

The public interest factors also weigh in favor of the Court retaining this

matter.  In deciding whether transfer is in the public interest, courts may consider "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law."  *Atlantic Marine Const. Co*, 571 U.S. at 62 n.6.

As to the first consideration, the Ninth Circuit has held that "[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket."  *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984).  The parties have not argued whether trial would be any faster in Idaho than Washington and the Court declines to speculate on this matter.  This factor is therefore neutral.

The local interest factor is also neutral.  Washington has an interest in resolving disputes that arise out of motor vehicle accidents that occur within its borders and between its residents.  Plaintiff, however, is no longer a Washington resident.  Likewise, while Idaho may have an interest in whether its contracts for insurance are accurately interpreted and enforced, the contract explicitly allows suits to be brought in jurisdictions other than Idaho, and the party seeking enforcement is a citizen of Illinois.

As discussed, the Court will apply Washington law to this dispute.  Thus, the final public interest factor supports retaining the matter in Washington.

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 14

Taken as a whole, the private and public interest factors favor keeping venue in Washington.  The operative facts animating Plaintiff's complaint occurred in Washington, while Plaintiff was a resident living here.  Defendant is an Illinois corporation doing business in Washington.  The plain text of the parties' policy agreement allows actions to be brought in the jurisdiction where covered motor vehicle accidents such as this one occur.  It would not be in the interests of justice to transfer this matter to a forum which is detached from the operative facts, witnesses, evidence and applicable law.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (holding a defendant must "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").  Accordingly, the Court denies Defendant's motion for transfer.

## IV.   Governing Law

Plaintiff and Defendant spend a considerable portion of their briefing sparring over whether Idaho or Washington law applies to their dispute.  *See* ECF Nos. 10; 15.  Defendant presses that Idaho law applies due to the existence of a valid choice of law clause, but argues alternatively that Idaho law would apply even in the absence of an otherwise enforceable choice of law provision.  ECF No. 10 at 2-9.  The choice of law clause at issue provides:

**What Law Will Apply**

This policy is issued in accordance with the laws of Idaho and covers property or risks principally located in Idaho.  Subject to the following

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 15

paragraph, any and all claims or disputes in any way related to this policy shall be governed under the laws of Idaho.

If a covered loss to property we insure under this policy, a covered motor vehicle accident, or any other occurrence for which coverage applies under this policy happens outside Idaho, claims or disputes regarding that covered loss to property, covered motor vehicle accident, or other covered occurrence *may be governed by the laws of the jurisdiction in which that covered loss to property, covered motor vehicle accident, or other covered occurrence happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this*.

ECF No. 11 at 38 (emphasis added).

Defendant argues that the clause at issue provides that Idaho law applies by default. *See* ECF No. 10 at 5-6 (urging the Court to apply § 187 of the Restatement (Second) of Conflict of Laws to determine whether the choice of law provision is enforceable). The Court need not delve into whether the paragraph selecting Idaho law is enforceable because, like the forum selection clause, it is not applicable in the first instance. The text plainly instructs that "[i]f . . . a covered motor vehicle accident . . . happens outside Idaho," then claims pertaining to that accident "may be governed by the laws of the jurisdiction" where that accident occurred, provided that "the laws of that jurisdiction would apply in the absence of a contractual choice of law provision." *Id.* Here, the accident took place in Spokane County, Washington. ECF No. 1-2 at 4, ¶ 3.1. Therefore, the Court must undertake a choice of law analysis to determine whether Washington or Idaho law

applies; it does not need to consider the enforceability of the clause selecting Idaho when the plain text of that provision places it outside the ambit of this case. *See Allstate Fire & Cas. Ins. Co. v. Stratman*, 620 S.W.3d 228 (Mo. Ct. App. 2020) (undertaking a choice of law analysis in a dispute over an insurance policy issued by Allstate which used nearly identical language to the choice of law clause here); *see also Erwin v. Cotter Health Ctrs.*, 161 Wash.2d 676, 694 (2007) (noting that Section 187 of the Restatement only applies when parties have made an express contractual choice of law).

When a federal court is sitting in diversity, the forum state's choice of law rules determine what law governs the dispute. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Before engaging in a conflict of laws analysis, Washington courts first ask whether an actual conflict exists between the laws or interests of Washington and the laws or interests of the other state. *Seizer v. Sessions*, 132 Wash.2d 642, 648 (1997). An actual conflict exists if the outcome of a claim would be different if the laws of the other state were applied to the dispute. *Id.* If no actual conflict exists, the local law of the forum applies and the Court is not required to undertake any further analysis. *Woodward v. Taylor*, 184 Wash.2d 911, 917 (2016).

When an actual conflict exists, Washington courts evaluate which forum has the "most significant relationship" to the transaction and the parties. *Pope Res. LP*

*v. Certain Underwriters at Lloyd's, London*, 19 Wash. App. 2d 113, 125 (2021). For claims under the CPA and IFCA, claims for insurance bad faith, and related claims under the RCW and WAC for claims mishandling and/or unreasonable denial of benefits, Washington courts apply the Restatement (Second) of Conflict of Laws § 145(1) (Am. Law Inst. 1971). *See, e.g.*, *T-Mobile USA*, 2016 WL 1464468, at *10 (analyzing bad faith, IFCA, and CPA claims together under § 145); *see also Newmont USA Ltd. v. American Home Assur. Co.*, 676 F. Supp. 2d 1146, 1163 (E.D. Wash. 2009) ("In Washington, claims for bad faith breach of contract sound in tort."). For claims for breach of contract, Washington courts apply § 188(2) of the Restatement. *Id.*

### A. CPA, IFCA, Bad Faith, & RCW and WAC Claims

Defendant argues in its Reply that an actual conflict exists between the laws of Idaho and Washington as to Plaintiff's CPA, IFCA, and bad faith claims. ECF No. 20 at 3.[2] Even assuming an actual conflict exists, Defendant has not shown that the § 145 factors support the application of Idaho law.

---

[2] Plaintiff moves to strike Defendant's Reply, claiming it is untimely and raises new arguments which were not addressed in its opening brief. ECF No. 21. Although the Reply was indeed untimely, it did not make a substantive difference to the Court's determination of the issues. As to the allegation that Defendant

1         Under § 145, courts evaluate the following contacts: "(a) the place where the

2 injury occurred, (b) the place where the conduct causing the injury occurred, (c)

3 the domicil, residence, nationality, place of incorporation and place of business of

4 the parties, and (d) the place where the relationship, if any, between the parties is

5 centered." Rest. (2d) Confl. § 145(2). "The court must evaluate the contacts both

6 quantitatively and qualitatively, according to their relative importance to the

7 particular issue at hand." *Newmont USA*, 676 F. Supp. 2d at 1163 (italics omitted).

8         The first factor looks to the place where the injury occurred. The car

9 accident occurred in Washington and involved a Washington resident. Defendant

10 allegedly refused to pay Plaintiff's claims while she was still living in Washington.

11 However, the injury is ongoing, and Plaintiff now resides in Montana. *See Lange*

12 *v. Penn Mut. Life Ins. Co.*, 843 F.2d 1175, 1179 (9th Cir. 1988) (describing the

13 injury as the places where the plaintiff lived during the denial of her benefits).

14 This factor thus tends to weigh slightly in favor of applying Washington law.

15         The second factor asks where the conduct causing the injury occurred. The

16 denial of benefits emanated from Allstate, which is incorporated in Illinois. *See id.*

17

18        ———————————

19 raised new arguments for the first time in its Reply, the Court finds those

20 contentions were responsive to Plaintiff's arguments and therefore appropriate.

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 19

(the location of the conduct causing injury is at the insurance company's home

office).  The factor is thus neutral as to what law applies.

The third factor appraises the parties' domicil, residence, and/or place of

incorporation.  Plaintiff resided in Washington at the time of the accident and for

one year thereafter before relocating to Montana, where she now lives.  ECF No.

17 at 2, ¶ 7.  As mentioned, Allstate is incorporated in Illinois.  Thus, like the first

factor, this issue weighs slightly in favor of application of Washington law.

The final factor asks where the parties' relationship is centered.  As

discussed in the Court's venue analysis under § 1404, this factor somewhat favors

the application of Idaho law.  *See supra* p. 10.

Each of these four contacts must be weighed in accordance with their

"relative importance" respecting the claims in issue.  *Newmont USA*, 676 F. Supp.

2d at 1163.  In cases where the conduct causing injury and personal injury occur in

different states, "the local law of the state of injury will usually be applied to

determine most issues involving the tort."  Rest. § 146, cmt. e; *see also Sutter*

*Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 407 (9th Cir. 1992)

("Claims arising in tort are not ordinarily controlled by a contractual choice of law

provision.").

On balance, Plaintiff's claims for violations of IFCA, the CPA, the WAC

and RCW, and bad faith favor the application of Washington law.  Plaintiff was

living in Washington at the time of the precipitating event, and Defendant refused to pay Plaintiff's UIM benefits while she was living in Washington for a year thereafter.  ECF No. 17 at 2, ¶ 7.  As such, Washington law most appropriately applies to Plaintiff's tort claims.

**B. Breach of Contract Claims**

Plaintiff also makes a claim for breach of contract.  Defendant does not argue there is an actual conflict between Idaho and Washington law for breach of contract.  *See* ECF No. 20 at 3.

In Idaho, "[t]he elements for a claim for breach of contract are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages."  *Mosell Equities, LLC v. Berryhill & Co., Inc.*, 154 Idaho 269, 278 (2013).  This analysis is not materially distinct from a claim for breach of contract under Washington law, which requires a plaintiff to demonstrate "that a valid agreement existed between the parties, the agreement was breached, and the plaintiff was damaged."  *Univ. of Washington v. Gov't Emps. Ins. Co.*, 200 Wash. App. 455, 467 (2017); *see also Baldwin v. Silver*, 165 Wash. App. 463, 473 (2011) (listing the four elements of a breach of contract claim as duty, breach, causation, and damages).  Consequently, no actual conflict exists, and the Court considers Plaintiff's claim for breach of contract under

Washington law. *See Woodward*, 184 Wash.2d at 917 (the local law of the forum applies when actual conflict does not exist).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss or Transfer Case (ECF No. 10) is **DENIED**.

2. Plaintiff's Motion to Strike Defendant's Reply (ECF No. 21) is **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **STRIKE** the hearing date for oral argument on August 21, 2024. The file remains **OPEN**.

DATED August 8, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO DISMISS OR TRANSFER CASE &
DENYING MOTION TO STRIKE ~ 22