UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA L. DREHER,<br><br>              Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, an Illinois corporation, and DOES I-V,<br><br>              Defendants. | NO. 2:24-CV-0139-TOR<br><br>ORDER GRANTING ALLSTATE'S MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is Defendant Allstate's Motion for a Protective Order (ECF No. 24). The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for a Protective Order (ECF No. 24) is **GRANTED**.

## BACKGROUND

This case arises out of a motor vehicle collision which occurred in Spokane County, Washington, on July 5, 2021. ECF No. 1-2 at 4, ¶ 3.1. Plaintiff was driving southbound on State Route 27 in Spokane County when another driver

ORDER GRANTING ALLSTATE'S MOTION FOR PROTECTIVE ORDER ~ 1

collided into her. ECF No. 1-2 at 4, ¶ 3.1. Plaintiff, who was not responsible for the accident, maintains she sustained multiple injuries and damages. *Id.* at 4, ¶ 3.2.

Both Plaintiff and the at-fault driver were insured by Defendant Allstate. *Id.* at 3, ¶ 2.2; 4, ¶ 3.4. At the time of the accident, the at-fault driver was underinsured. *Id.* at 4, ¶ 3.3. Plaintiff paid insurance premiums for underinsured motorist (UIM) coverage from Defendant. *Id.* at 4, ¶ 3.4. Plaintiff sought her full UIM policy limits—$250,000—and tendered to Defendant a demand letter, her medical records, and other documentation supportive of her claims. *Id.* at 5, ¶¶ 3.5-3.6. When Defendant declined to provide Plaintiff her UIM policy limits, Plaintiff filed a complaint in Spokane County Superior Court alleging breach of contract, violations of the Washington Administrative Code (WAC) and Revised Code of Washington (RCW) for claims mishandling and unreasonable denial of benefits, violations of the Washington Consumer Protection Act (CPA), bad faith, and violations of the Insurance Fair Conduct Act (IFCA). *Id.* at 5-10. Plaintiff seeks her UIM policy limits, treble damages, and attorneys' fees and costs. *Id.* at 10-11.

As part of discovery, Plaintiff served Defendant the first set of interrogatories and requests for production. Materials requested included all information related to Defendant's claims as well as personnel records of specific employees, and any other employees "who adjusted, reviewed, advised, consulted,

ORDER GRANTING ALLSTATE'S MOTION FOR PROTECTIVE ORDER ~ 2

investigated, made an entry in the claims diary or claims file, or did any work whatsoever regarding the claim (including PIP, Property Damage or UIM) made by Plaintiff Melinda Dreher." ECF No. 25-1 at 33-76. Defendant now moves for a protective order for Defendant's post-threat of litigation claims file and Defendant's employee personnel files. ECF No. 24.

## DISCUSSION

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c). The moving party must certify the parties conferred or attempted to confer in good faith to resolve the dispute. *Id.* For good cause shown, the Court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Here, the parties conferred without a resolution. ECF No. 24 at 3.

### A. Post-litigation claims file

Defendant seeks a protective order of all information in the claims file dated after April 20, 2023, Plaintiff's threat of litigation date, and February 8, 2024, after Plaintiff's IFCA Notice. ECF No. 24 at 6. In support of this request, Defendant argues that post-litigation materials are privileged and not discoverable in the UIM context pursuant to *Lock v. Am. Family Ins. Co.*, 12 Wash. App. 2d 905 (2020) and *Richardson v. Gov't Emps. Ins. Co.*, 200 Wash. App. 705, 719 (2017).

The Washington Supreme Court in *Cedell v. Farmers Insurance Company of Washington*, 176 Wash. 2d 686 (2013) held that attorney-client privilege is presumptively inapplicable in a first-party insurance bad faith action. *Id.* at 698-99. However, the court identified an exception for UIM claims because "[t]he UIM insurer steps into the shoes of the tortfeasor and may defend as the tortfeasor would defend." *Id.* at 697. Thus, the insurer may invoke the attorney client privilege when it reasonably believes "that it is preparing for litigation against the insured and therefore steps into the shoes of the tortfeasor." *Spicher v. Am. Family Mutual Ins. Co. S.I.*, No. C22-1116 MJP, 2023 WL 4561639, at *1 (W.D. Wash. July 17, 2023). This Court and other courts have found attorney client privilege kicks in once the plaintiff makes a formal filing. *Nielson v. Calif. Captial Ins. Co.*, No. 2:22-CV-0177-TOR, 2023 WL 11091242, at *8 (E.D. Wash. Sept. 29, 2023) ("The Court also grants the motion inasmuch as it seeks to prevent evidence or argument regarding claims decisions made after the suit began . . . ."); *see also Spicher*, 2023 WL 4561639, at *2 ("The Court finds that once Defendant received the IFCA notice . . . it may invoke the attorney client privilege and work product doctrine.").

Here, Defendant's received Plaintiff's threat of litigation letter April 20, 2023 but did not receive the IFCA Notice until February 8, 2024. The threat of litigation letter would have put Defendant on notice of possible litigation. Any of

ORDER GRANTING ALLSTATE'S MOTION FOR PROTECTIVE ORDER ~ 4

the claims files prepared in anticipation of litigation thereafter is protected as privileged.  However, any evidence that related to Plaintiff's claims between the letter and IFCA Notice that was not created in anticipation of litigation is not protected.  Plaintiff does not contest Defendant's request regarding post-litigation materials, or the dates put forth by Defendant (ECF No. 29).

Therefore, the Court **grants** Defendant's motion for protective order under the following conditions.  Information regarding the materials in the claims file dated after February 8, 2024 is privileged and undiscoverable, however, Defendant may assert attorney client privilege and work product doctrine on files dated between April 20, 2023 and February 8, 2024 but may not withhold otherwise responsive documents without providing a privilege log detailing what records are being withheld and sufficient information to allow Plaintiff to test the assertion.

### B. Employee personnel files

Defendant also seeks a protective order regarding employee personnel files.  In support, Defendant argues Plaintiff's request for the files constitutes a "fishing expedition" under *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004); will not reasonably lead to the discovery of admissible evidence; and serve to annoy, embarrass, and burden the employees which does not outweigh the potential benefit the files provide.  ECF No. 24 at 7.

Plaintiff contends that Defendant's argument and cited case law refer to post-litigation employment records, and Plaintiff seeks both post and pre-litigation files. ECF No. 29 at 3. Plaintiff argues the employment records of the identified adjustors may indicate whether they were motivated by Defendant in their actions making it relevant to Plaintiff's breach of contract, bad faith, and IFCA violation claims. *Id.* at 4. Further, Plaintiff argues she cannot discover such information other than from the employment files, and her counsel was willing to work out an agreement to protect confidential material. *Id.*

As an initial matter, Defendant's request for a protective order regarding post-litigation information in the claims file is a separate issue from the personnel files. Defendant's cited cases Plaintiff refers to relate to the claims file, not employment records. *See supra*.

The Court finds Defendant how shown good cause for a protective order regarding personnel files. Plaintiff's argument that the employment records will indicate the motivations of the adjustors' conduct related to her claims is wholly speculative. Nothing in the record indicates that a personnel's entire employment file including performance evaluations, salary history, trainings, duties and positions within the company for the last ten years are relevant to Plaintiff's claims or proportional to the needs of the case. Further, the information is specific to particular employees and may burden them with annoyance and embarrassment.

ORDER GRANTING ALLSTATE'S MOTION FOR PROTECTIVE ORDER ~ 6

*See In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) ("Under Rule 26, '[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"). Plaintiff's willingness to enter into a stipulated protective order to protect confidential information such as social security information and medical records does not sufficiently narrow the amount of personnel information Plaintiff is asking for.

Accordingly, the court **grants** Defendant's motion for protective order, however, notes that it does not preclude Plaintiff from establishing relevance of the material sought in the future.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Protective Order (ECF No. 24) is **GRANTED**.

The District Court Executive is directed to enter this Order, furnish copies to counsel.

DATED November 1, 2024.



THOMAS O. RICE
United States District Judge